*Pierce* for the plaintiff, *Watts & Lobdell* for the defendants.

---

DICK & ALS vs. MAXWELL, & ALS.

APPEAL from the court of the sixth district.

MATTHEWS Judge delivered the opinion of

the court. This suit is instituted against two of the acceptors of a bill of exchange by the holder thereof, under indorsement. Payment is claimed from the defendants as two of the partners of a commercial firm by which the bill is alledged to have been regularly accepted. Judgment by default, which was afterwards made final, was obtained against Wilson; and Maxwell filed an answer, containing a general denial of the facts alleged in the plaintiffs' petition. On this issue, as shewn by the record, three trials have taken place before three different juries, and verdicts rendered in every instance in favor of the plaintiffs; on the last of which, judgment was pronounced, from which the defendant Maxwell took the present appeal.

According to the point filed in this court, on the part of the appellant; two principal grounds of defence appear to be assumed. The first relates to want of property shewn in the plaintiff as holder of the bill, and improper pursuit on his part in not suing all the partners by whom it is alleged to have been accepted. The second embraces the whole merits of the case, as it affects the interest of the defendant who has appealed. It is attempted to shew that the

Eastern Dist.
*January*, 1828

DICK
*vs.*
MAXWELL.

An incomplete instrument, which has not received the signature of the parties, is inadmissible in evidence.

acceptance was made in fraud of his rights; by connivance between the payers of the bill and the acceptors who were drawers for their private benefit, to pay a debt of their own in which the firm of Hugh B. Maxwell, and Co. had an interest.

The state of the endorsements on the bill is relied on to shew that the present plaintiff and alleged *bona fide* holder, is not the legal proprietor. The first endorsement by the payees is in blank—a full endorsement is made to the order of Augustus Guibert, which appears to have been stricken out by the present holder· This, according to the custom of merchants, he had a right to do. see Bailey, on the law of Bills of Exchange, &c. p. 68, and the cases therein referred to.

In ordinary commercial partnerships, every one of the partners is bound *in solido* for the debts of the partnership; and the debt is presumed to be contracted in the name of the partnership, when one of the partners signs in the name of the company, &c. see old c. code, p. 396, 98, art. 41. When several persons are bound in solido, or in other words, when an obligation is joint and several, the obligee may pursue all the obligors jointly, or any one of

them seperately. The state of the pleadings
in the case now under consideration, exhibits a contest between the plaintiff and one of the
alleged acceptors of a bill of exchange, who is bound severally with his other partners to pay the amount for which it was drawn; unless there be shewn some substantial objection to the validity of the obligation.

It is contended for the appellant that the acceptance of the bill in question created no obligation on his part, because his partners [admitting them to be such] used the name of H. B. Maxwell, and Co. to pay off their individual debt, and that the plaintiff being only a trustee for the payers of the bill, must be subjected to any defence which would be good against them; consequences seriously affecting the appellee's claim might result from this means of defence if it had been fairly put at issue by the pleadings of causes in any stage of its progress before the several juries. This was not done and we are therefore of opinion, that all the evidence offered in favor of the defendant to support this species of defence, was properly rejected by the court below. The case, if its character be determined by the petition and answer, is simply one between the endorser of a

Eastern Dis. bill of exchange and an acceptor, and does not
*January* 1828 appear to have originated in circumstances
DICK which would authorize an enquiry into the con-
*vs.*
MAXWELL. sideration of the contract after the evidence of
it has passed apparently in a fair course of
trade, into the hands of a *bona fide* holder,
such as the plaintiff alleges himself to be. The
existence of a partnership between the appel-
lant and the person who accepted the bill in
the name of the firm, seems to have been pro-
ven to the satisfaction of three juries. It is true
that the defendant offered to rebut the testimo-
ny given in support of this fact, by the exhibi-
tion of a project of partnership as contained in
certain articles reduced to writing, but never
signed by the party in consequence of some of
the intended partners failing to comply with
certain stipulations made on their part; and al-
so to prove that the co-partnership was never
carried into effect. The evidence thus offered
was rejected by the judge *a quo*; and a bill of
exceptions taken to the opinion by which it was
so rejected.

We think the judge did not err in refusing
to admit the evidence offered. The stipula-
tions in the instrument which when completed,
were to have regulated the respective interests

of the parties to the contract of partnership, be-ing incomplete and unsettled, could in no man-ner affect the rights of third persons who had contracted with the firm as existing *de facto*, neither could the private acts of the partners composing the company; unless these acts were equivalent to a declaration of the non exis-tence or dissolution of the partnership, and pub-lic notice given of these facts.

Eastern Dist.
*January*, 1828

DICK
*vs.*
MAXWELL.

Upon a strict examination of the whole case as brought before this court, we are unable to discover any error in the proceedings or judg-ment of the court below.

It is therefore ordered, &c. that the judg-ment of the district court be affirmed with costs.

*Pierce* for the plaintiff, *Watts & Lobdell* for the defendant.